IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


LAWRENCE LITTEN                                                 PLAINTIFF

V.                                                              CIVIL ACTION NO.
                                                                3:07-CV-91-M-A

GRENADA COUNTY, MISSISSIPPI;
MICHAEL LOTT, IN HIS OFFICIAL
CAPACITY AND PERSONAL CAPACITIES;
AND JOHN DOES 1-5                                               DEFENDANT


ORDER

The defendants, Grenada County, Mississippi and Michael Lott, seek an order striking the plaintiff's initial disclosures [docket no. 40] as untimely and vague, and thus prejudicial. In response, the plaintiff asserts that the defendants did not themselves timely file their initial disclosures nor did they attach the requisite Good Faith Certificate to their motion as required under Rule 37.1(A) of the Local Rules. In addition, the plaintiff argues that the defendants were required to file a motion to compel before filing a motion to strike and that Rule 37(b) of the Federal Rules of Civil Procedure only allows the court to impose sanctions for nondisclosure, not merely tardy responses. Finally, the plaintiff requests the court to award attorney's fees and costs to him related to filing a response to the defendants' motion to strike.

This is a case where neither side has taken care of its business, and counsel for both sides have engaged in inappropriate personal attacks upon one another. The case is a mess. Both parties were to have submitted their initial disclosures by November 9, 2007. *See* Case Management Order, docket no. 13. Neither did so. The discovery deadline in this case was July

25, 2007, and the deadline for filing dispositive motions was August 8, 2008. The plaintiff did not submit his initial disclosures until July 25, 2008, and the defendants did not submit their initial disclosures until August 21, 2008, almost a full month after expiration of the discovery deadline. The docket indicates that defendants propounded written discovery, in the form of interrogatories and requests for production, to plaintiff, but not until July 1, 2008. This belated submission, of course, did not comply with the Local Rules of this court which require that discovery be *completed* by the discovery deadline, because the tardiness of filing did not afford plaintiff the time allotted him under the Rules to file his responses. And although the docket reflects that defendants filed responses to interrogatories and requests for production of documents on July 15, 2008, there is no docket entry which reflects that such interrogatories or requests for production were ever actually served by plaintiff upon defendants at all. According to the docket, plaintiff did not meet his expert designation deadline and has not served any other discovery responses upon the defendants. The defendants designated their experts on May 27, 2008, which was also the deadline for their expert designation. Before July 20, 2008, neither party ever sought the court's intervention relating to any discovery issue.[1]

The plaintiff is mistaken in asserting that sanctions in the form of striking or disallowing the use of a witness is only available if the party has disobeyed a court order. Under Rule 37(c) of the FED.R.CIV.P. a party that failed to provide information or identify a witness as required under Rule 26(a) is not allowed to use that information or witness at trial unless the failure was justified or harmless.

Although the plaintiff made his initial disclosures before the expiration of the discovery

---

[1] *See* docket no. 47 denying the plaintiff's motion to compel a deposition on the basis that it was not made in a timely fashion and did not contain a Good Faith Certificate, both requirements of the LOCAL RULES.

deadline, the disclosures are vague, extremely broad and require supplementation to provide details regarding the content of his witnesses' testimony and to identify the specific documents he plans to use at trial. As the court sees it, no party is in a position to claim prejudice at this late stage of the litigation as they all waited until the end of the discovery period to request the court's intervention and did not themselves abide by the court's Case Management Order.

Nor is the plaintiff is entitled to attorney's fees or costs for preparing a response to the defendants' motion. The duty for initial disclosures automatically falls on the parties when a complaint is filed. The court is not a babysitter to the parties and their counsel. Rule 26(a)(1)(A) states in part, "...a party *must*, without awaiting a discovery request, provide to the other parties" the names, address and phone numbers of each individual likely to have discoverable information, a copy of all documents that may be used to support a party's position, a computation of damages and any applicable insurance agreement. The plaintiff has provided vague descriptions of witness testimony and referenced broad categories of documents, which could have been supplemented if they had been timely filed. Because the disclosures were filed on the day of the discovery deadline there was no opportunity for the parties to resolve this issue among themselves or timely move for resolution. For these reasons, it is ORDERED

That the defendants' motion to strike the plaintiff's initial disclosures is DENIED IN PART

The plaintiff is prohibited from using any witness as an expert at trial. Plaintiff shall supplement his initial disclosures by (1) identifying the contact information for each witness, (2) providing a more detailed description of the witnesses' testimony, (3) identifying the specific documents that he plans to use at trial, and (4) providing a copy of all such documents. The

plaintiff shall make all supplementations described above on or before September 10, 2008. Failure to comply with this Order, and to do so in a timely fashion, will result in sanctions, including striking the witnesses or documents identified in his initial disclosures, monetary fines or any other sanctions available to the court under Rule 37.

This the 27th day of August, 2008.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE