IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAWRENCE LITTEN                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:07CV91

GRENADA COUNTY, MISSISSIPPI, MICHAEL
LOTT, In His Official and Individual Capacities
and JOHN DOES, 1-5                                                                DEFENDANTS

**ORDER**

This cause comes before the court on the motion of defendants Grenada County and Michael Lott for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Lawrence Litten has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

On July 17, 2007, plaintiff filed this action against defendants Grenada County, Mississippi, and Michael Lott, alleging that his rights were violated in relation to the public use of Hebron Church Road, which runs through portions of his land. In particular, plaintiff complains of defendants' actions in having allegedly removed an electric fence adjacent to the road, which plaintiff claims resulted in deer eating his muscadine crop. Prior to filing the instant action, plaintiff filed suit in the Circuit Court of Grenada County, making essentially the same allegation as he makes here. The circuit court dismissed the action on May 8, 2007, although it later clarified that the dismissal was without prejudice to plaintiff bringing a subsequent inverse condemnation claim.

In light of the circuit court's ruling, it seems clear (as this court has noted in a prior order)

1

that the sole claims which are properly before it are plaintiff's inverse condemnation claims. In opposing summary judgment, plaintiff appears to concede that this is the case, although he does assert at one point that his trespass claims are properly before this court. Even if this court were to accept this assertion as true, the parties here are all Mississippi residents, and trespass claims clearly do not arise under federal law. Thus, the sole basis for federal jurisdiction in this case are plaintiff's federal inverse condemnation claims, and, as explained below, these claims are not yet ripe.

While inverse condemnation claims may be brought under either state or federal law, the U.S. Supreme Court emphasized in *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 3119, 87 L.Ed.2d 126 (1985), that a federal takings claim does not ripen until just compensation is denied. Therefore, for a federal takings claim to become ripe, the plaintiff is required to seek compensation through the procedures the state has provided, unless those procedures are unavailable or inadequate. *Id.* at 3120-22. *See also Samaad v. City of Dallas*, 940 F.2d 925, 933 (5th Cir. 1991); *Coleman v. Carroll County*, 2005 WL 2133678 (N.D. Miss. 2005). In *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 798 (5th Cir. 2004), the Fifth Circuit held that where a plaintiff "failed to present its inverse condemnation action to the state court in a posture such that the state court could rule on the merits of [its] claim, [it] had failed to utilize the available state procedures for obtaining compensation" within the meaning of *Williamson*. In this case, plaintiff did, to reiterate, file a state court complaint asserting inverse condemnation claims, but he obtained no actual ruling from the circuit court regarding the merits of those claims.

The record indicates that the circuit court issued two cursory orders dismissing plaintiff's state court complaint, but neither order addressed the merits of his claims. The first order, issued on May 8, 2007, merely noted that Grenada County had filed a motion to dismiss and that plaintiff

2

had failed to attend a hearing related to that motion. The circuit court thus appeared to grant the motion to dismiss as unopposed. The circuit court's second order of dismissal, dated July 27, 2007, clarified the first order and emphasized that the action was dismissed "without prejudice to be brought again as an Inverse Condemnation proceeding only." At the time this second order was entered, plaintiff had already filed the instant federal court action ten days previously, but, even if he had not, it would still be apparent that he had not obtained a ruling on the merits of his inverse condemnation claim within the meaning of *Brown* and *Williamson*. It is thus apparent that any federal inverse condemnation claims which plaintiff might have are not yet ripe.

This court's conclusion in this regard is strengthened by the 2005 decision of *Oliver v. Lafayette County, Miss.*, 2005 WL 1657134 (N.D. Miss. 2005), where Judge Davidson concluded that a plaintiff had failed to exhaust his remedies where he was still involved in state court litigation at the time he had filed his federal inverse condemnation action. In so concluding, Judge Davidson wrote as follows:

> The Mississippi Supreme Court, in *Runge v. Necaise Constr. Co., Inc.*, 467 So.2d 666 (Miss.1985), held that property owners asserting inverse condemnation claims are to use the following procedure in asserting their claims in the state courts of Mississippi: first, in cases where a county is the responsible authority (as is asserted here), a petition for compensation is to be filed with the county Board of Supervisors pursuant to Section 65-7-61 of the Mississippi Code. Failure to file such a petition, however, is not fatal to a landowner's claim, and such claims can be presented through an action in state circuit court, which is the second and final step in the procedure. *Runge*, 467 So.2d 666 at 668-69.
>
> In the case sub judice, the Plaintiff makes no credible argument that the State of Mississippi's just compensation procedures are unavailable or inadequate. Regarding those procedures, the Plaintiff did not file a petition for compensation with the Lafayette County Board of Supervisors; he has, however, filed a pending state court action against the University of Mississippi and the State of Mississippi. As the Fifth Circuit made clear in Vulcan Materials, the requirement for a landowner to exhaust his state court remedies before filing a federal suit cannot be satisfied "by

3

> simultaneously bring[ing] federal and state takings claims" as the Plaintiff has done here. *Vulcan Materials*, 238 F.3d at 385. Instead, the Plaintiff is to first exhaust his state court remedies and then, if additional relief is sought, bring a federal court action. Here the Plaintiff has not properly exhausted his state court remedies and is still involved in state court litigation; thus, this action was filed prematurely and is properly dismissed in accordance with the Fifth Circuit's Vulcan Materials ruling.

*Oliver*, slip op. at 3.

In this case, plaintiff has likewise failed to exhaust his state court remedies by merely filing a state court complaint without obtaining an actual ruling on the merits of that claim. Indeed, defendants note that plaintiff had previously failed to pursue his state court remedies by failing to challenge the identification of Hebron Church Road on Grenada County's registry of public roads in 2000. Part of plaintiff's complaint in this case is that Hebron Church Road is not actually a public road, but it is apparent that he failed to timely challenge the county's designation of the road as such. It is thus apparent that plaintiff failed to timely challenge the county's actions in this case, and, when he finally filed a circuit court action, he failed to obtain a ruling on the merits of his claim. Plaintiff asserted in his response to defendant's initial motion to dismiss that he acquiesced in the circuit court's July 27, 2007 order of dismissal because he "saw no harm in dismissing the state case" since jurisdiction was by that time "firmly vested" in federal court. Plaintiff fails to recognize, however, that his federal inverse condemnation/taking claim is the only jurisdictional basis for this case being brought in federal court and that, by failing to first pursue his remedies in state court, he failed to lay the proper jurisdictional predicate for this action. This action is therefore due to be dismissed as unripe.

It is therefore ordered that defendants' motion for summary judgment is granted, and this action is hereby dismissed without prejudice.

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this the 14th day of November, 2008.

                                    **/s/ MICHAEL P. MILLS**
                                    **CHIEF JUDGE**
                                    **UNITED STATES DISTRICT COURT**
                                    **NORTHERN DISTRICT OF MISSISSIPPI**